· CASS *versus* NORTHROP.

Where an endorsed note is relied on as an offset, such endorsement must be
· proved.
The statute of 1819, exempting plaintiffs, in suits on assigned paper, from
proof of the assignment, unless defendant makes affidavit that it is forged ;
is not applicable to cases, where an endorsed paper is produced as a a setoff.

In error from Montgomery Circuit Court. ·

This action was debt, brought to recover the a-
mount of a judgment obtained in the State of Geor-
gia, and also the amount of a promissory note. · The
defendant plead *nul teil record,* and *off-set.* On the
trial of the cause the defendant produced as a set off,
notes of hand executed by the plaintiff to one Hoff-
man or order, which the plaintiff moved to exclude
from the jury, on the ground, that the indorsement
was not proven. The Court overruled the objection
so made by the plaintiff, and there was a verdict for
the defendant.

To the opinion of the Court, on this point the
plaintiff filed his exception, which brought the case
to this Court for revision.

*Goldthwaite,* for Plaintiff.

The only point to be considered of here, is, if an
offset is introduced against the original payee of a note,
must the indorsement be proved?

Under our statute, or by the Common Law where
notes are before a jury without proof, a set off is a
debt that must be proved., But this case does not
come within the statute of 1819. The statute ap-
plies only to defendants, and not to plaintiff's.[b] At

---

[a] Toul. Dig. 189.       [b] Aik. Dig. 283, § 143,

12

Common Law the plaintiff was bound to prove the fact of signing the note. Is it not Common Law the same where the defendant seeks to establish a debt against the plaintiff? An indorsement must be shewn, and therefore proved. Suppose the defendant finds a note of the plaintiff, and produces it as off-set—he can prove the hand-writing of the note, but he cannot the indorsement. Now must the plaintiff prove that he did not assign, or must the defendant shew his right to the off-set? Without the statute, assignment must be proved as any other fact. The only point is then, is the case within the equity of the statute. It says "when any *suit* shall be instituted :" "suit" is used. Here no suit is brought by the defendant. It says "defendant" shall deny : this is not plaintiff. If the note must be proved why not the assignment also? It depends on the same principle. There must be 1st a liability in the defendant, 2nd a title in the plaintiff. Both must be shewn by any one seeking to assert a right in a court of law against another. Here the party shows a liability but, no right.

In many instances a note may come improperly into a man's possession. Suppose another claim on the same note? Would this record be good evidence? The other might prove it a forgery.

*Thorington*, contra.

A set-off is precisely and exactly a cross action, and must be determined on the same ground. Both parties are in Court, one comes in by writ, and the other by plea. The statute requires a denial, as being of the more convenient practice. The possession of the note, and the indorsement on it, are sufficient *prima*

*facie* evidence. The statute was not made for the sole benefit of the plaintiff, and the probabilities are against the forgery of indorsements.

*Goldthwaite*, in reply.—How could we disprove the indorsement? Assignor might be dead; but the great injury here, would result to the foreign suitor. Craving oyer might be avoided by alleging it was lost, and the party is called upon to prove a negative. A paper is produced and read to the jury—it is impossible to rebut it. Suppose many witnesses called to prove that the indorsement is not in the hand writing of the assignor—it is rejected, because if within the statute, it must be denied by the party on oath.

In assumpsit, on general issue, plaintiff is called upon to prove that issue, and it is as well his own title, as defendant's liability. The plaintiff avers both and must prove both.

COLLIER, J.—On the trial in the Circuit Court, the defendant pleaded as a set-off, several notes made by the plaintiff, of which he claimed to be the proprietor or assignee. He proved the plaintiffs signature, but failed to prove the assignment. The presiding Judge permitted them to go in evidence without such proof; whereupon, the plaintiff excepted, and the only question for revision, arises out of this exception.

The 37th section of "an act to regulate the proceedings in the Courts of Law and Equity in this State" passed Dec. 14, 1819.[a] enacts, that where any suit shall be instituted on an assigned bond, the plaintiff shall not be put upon proof of the assignment or assignments, unless the defendant shall annex to his plea an affidavit, or make oath in open Court

[a] Toul. Dig 189.

that he verily believes that some one or more of such assignments are forged." This provision is applicable alone to defendants, and there are certainly reasons why it should not be extended in its operation to plaintiffs. The case supposed in argument, of the plea of an assigned bond as a set-off, where a non-resident plaintiff is suing; offers a strong reason against its extension. The absence of the plaintiff from the State would render it extremely difficult and inconvenient to meet such a plea by a denial of the assignments, if an oath was required. The situation of the defendant is very different—he is present and can lend his aid so far as necessary to his defence.

We do not feel ourselves called on to enter so extensively into the consideration of this case, as if it were entirely *res integra.* This Court in *Parkes & Burke* vs. *Greening*,[a] have determined that the statute which requires a plea of *non est factum* to be verified by affidavit, applying in terms to defendants, will not be extended by construction to plaintiffs, and that they may be permitted to reply *non est factum* without oath. This decision is considered as conclusive, in principle, of the case before us.

With regard to the question, whether the possession of the notes by the defendant was presumptive evidence that they were assigned to him, it need only be remarked that at common law, that circumstance did not dispense with proof of the assignment.

Let the judgment be reversed, and the cause remanded.

TAYLOR, J.—The single question in this case is, whether or not, if an assigned note be pleaded as an

[a] Minor's R. 178.

off-set by an assignee, it devolves upon him to prove the assignment when it has not been denied upon oath.  This question involves the construction of the 37th section of the act of 1819, entitled " an act to regulate the proceedings in the Courts of Law and Equity in this State ;" which section is in the following words, viz : " when any suit shall be instituted, by any person or persons, as assignee or assignees of any bond or other writing, it shall not be necessary for the plaintiff or plaintiffs to prove the assignment or assignments, unless the defendant or defendants shall annex to the plea, denying such assignment or assignments, an affidavit stating that such defendant or defendants verily believe, that some one or more of such assignments was forged, or make oath to the same effect in open Court, at the time of filing such plea."

It may be well to enquire what the object of the General Assembly was in enacting this statute ? Was it to favor and benefit plaintiffs only, or to remedy that which was considered a general mischief? It had been found to produce great delay and inconvenience in many instances, particularly when notes &c. were assigned at a considerable distance from the county in which the payor, &c. resided, for the assignee to be compelled to prove the assignment. Delays were produced in obtaining evidence to a fact of a more positive character, of which the possession of the instrument with the endorsement on it, constituted *prima facie* proof.   It was this which induced the statute.   The assignee is the holder of an instrument, which is regularly endorsed to him ; it will therefore result, as the legal presumption, that it is his property, and he shall not be put upon the

proof of this fact, until that presumption is rebutted by the oath of the maker.

Now I would ask if this is not as much the situation of the holder when he fills the character of defendant, as of plaintiff? When an assigned note is produced by the defendant as an off-set, does not the possession of an endorsement on the instrument equally prove the right to be in the defendant, as the same circumstances would, that it was in the plaintiff; and may it not be equally inconvenient from distance, &c. for the defendant to prove the assignment, that it would be for the plaintiff to do it? I, therefore, conclude that this case was within the mischief intended to be remedied ; but when a defendant pleads an off-set he may be considered at least as a *quasi* plaintiff, and therefore, (if the verbiage used by the General Assembly, and not the plain intention is to govern,) as coming within the words of the statute. The plaintiff files his declaration, stating a cause of action against the defendant, which by the rules of law he is bound to prove; the defendant does not deny this, but pleads, that he as assignee, holds the note of the plaintiff. No investigation of the plaintiff's demand is now necessary—that is admitted : it is admitted that he has a cause of action against the defendant which cannot be resisted, but the defendant brings forward a cause of action against him which now is the matter to be tried. The plea is in substance a declaration. Except the mere formal commencement and conclusion, it is in all respects in the style of a declaration, and the counsel has justly said that this defence is in the nature of a cross action.

The reasons which have been urged by the counsel for the plaintiff in error, against the construction

which I give to the statute, are all equally applicable to every assignee whether he be plaintiff or defendant, and the former decisions of this Court, by which the person using a note as a set-off, is required to shew that the interest was in him at the institution of the action, prevents all danger of injury to the plaintiff even to the amount of the costs.

The decision of this case in favor of the plaintiff in error, would have the effect of settling the construction of the 3d section of the act of 1811, entitled "an act regulating judicial proceedings in certain cases, and for other purposes, in a manner to which I could never agree. By that section it is enacted, "that whenever any suit shall be commenced in any of the courts of this territory, having jurisdiction thereof, founded on any writing, whether the same be under seal or not, the Court before whom the same is depending shall receive such writing as evidence of the debt or duty for which it was given; and it shall not be lawful for the defendant or defendants in any such suit to deny the execution of such writing, unless it be by plea, supported by the affidavit of the party putting in such plea."

In the section last cited, the same terms are used to convey the meaning of the General Assembly which we find in the clause under consideration; and it does appear to me that to exclude defendants pleading a set-off from the benefit of this section would be introducing a confusion in the practice of our Courts which ought not to be tolerated.

The case of *Parks & Burke* vs. *Greening*, has been relied upon by the plaintiff in error. In that case a construction is given to the 33d section of the

act of 1807, entitled "an act establishing Superior Courts, and declaring the powers of the Territorial Judges." The section is in the following words: "The defendant in any case, may plead as many several matters as he may judge necessary to his defence: *Provided,* he be not admitted to plead and demur to the whole: *and provided also,* that no plea of *non est factum* shall be admitted to be pleaded, but when accompanied with an affidavit of its truth." The defendant pleaded a release; to which the plaintiffs replied *non est factum;* the defendant demurred to the replication, because it was not verified by the affidavit of the plaintiffs 'This Court overruled the demurrer, and determined that the replication was sufficient. Admitting the correctness of that decision, I do not think it should have an influence in this case. The change of the Common Law in the mode of pleading *non est factum,* is made by a *proviso.* To ascertain the intention of the General Assembly, and give a correct construction to the *proviso,* we must look to the other parts of the section, as a *proviso* is usually a restriction upon, or explanation of the enactment which precedes it. In this instance the enactment was intended to extend an additional privilege to defendants, viz: that of filing a multiplicity of pleas: this privilege, however, by the *provisos,* is to be exercised under certain restrictions. First, the defendant is not to plead and demur to the whole: second, when he files the plea of *non est factum,* he he must make affidavit of its truth.

An additional duty is imposed upon defendants, and one which is righteous in itself, by way of equivalent, as it were, for the great benefit afforded to them. And this appears to be the view taken of the

statute by the Court in the case' of *Parks &*
*Burke* vs. *Greening.* They say "the previous part
of the section authorises the *defendant* to plead as
many several matters as he may judge necessary, &c.
If the intention of the Legislature is to be collected
from the whole section taken together, they intend-
ed to include defendants only, and extend to them
the privilege of pleading several pleas—a privilege
unknown to the Common Law. But this privilege
is under the restrictions contained in the two *provi-
sos* in the concluding part of the section. That these
*provisos* relate to the preceding part, and depend on
it for their true import and meaning, there is no
doubt." It is true that the Court proceeded to strength-
en the opinion by dwelling upon the word "de-
fendant," as used in the section; but the part of the
Opinion which has been recited, is of itself sufficient
to sustain the decision. But in the case at bar, it
was a mischief which the statute was intended to
remedy—a mischief extending alike to plaintiffs and
defendants: and shall we defeat the intention of the
framers of the law, when it is completely in our
power to give it full effect? The act is of a highly
remedial character, and every rule requires that it
should receive a liberal construction.

It has been urged in argument, however, that
great injury and inconvenience might result to suitors
by extending the provisions of this statute to plain-
tiffs as well as defendants—that non-resident creditors
in prosecuting suits against citizens, would be met
by their notes, pleaded as offsets which had been
surreptitiously obtained, or that it would become
customary to plead such assigned note, and that it
was lost : that in either instance, they would be un-

13

able to deny the assignments on oath, although by a dozen witnesses they might, if the note were exhited, be able to disprove them. Were this to be apprehended, it would have no effect on my decision. Our laws were made for the benefit of our own citizens, and a casual inconvenience to others is not to restrict their operation. But these inconveniences are all ideal. It cannot happen that the notes of plaintiffs will be so often exposed to the cupidity of defendants, particularly when the parties reside in different States, as to authorise such an apprehension to weigh to the amount of a feather. A nonresident will have his agent here, when he is suing for his debt, and if a dozen men, or one man, can disprove an assignment on a note pleaded against him as an offset, the agent could honestly take the oath required by the statute. As to pleading a lost assigned note, I can perceive no difference whether the lost note be assigned or not; and when it is recollected that the defendant is bound to prove that the note was his property, before the suit was instituted against him, to enable him to use it as an offset; all these difficulties will vanish at once.

It is my opinion that the judgment should be affirmed.